UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ELVIS GLORIS GARCIA,

                        *Plaintiff*,

                -against-                          **REPORT AND RECOMMENDATION**

B'ABOVE WORLDWIDE INSTITUTE, INC.,        21 CV 7127 (WFK) (CLP)
ELIEZER VOGEL, *and* NOAH VOGEL,

                        *Defendants.*
----------------------------------------------------------X
**POLLAK**, Chief United States Magistrate Judge:

        On December 27, 2022, Elvis Gloris Garcia ("plaintiff") filed a Complaint against corporate defendant B'Above Worldwide Institute, Inc. ("B'Above"), and individual defendants Eliezer Vogel and Noah Vogel (collectively "defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law, Art. 6 §§ 190 et seq., and Art. 19 §§ 650 et seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 137 (collectively, "NYLL"). (Compl.[1] ¶ 6). Specifically, plaintiff claims that defendants failed to compensate her with appropriate minimum wage, overtime, and spread-of-hours pay. (Id. ¶¶ 5-6). Plaintiff also claims defendants failed to provide proper wage notices and improperly paid plaintiff on a bi-weekly basis. (Id. ¶¶ 34-35).

        On July 8, 2022, plaintiff filed a motion for settlement approval, attaching a signed Settlement Agreement ("the Agreement"). (See Mot.[2]; Sett. Agr.[3]). For the reasons set forth in this Report and Recommendation, the Court respectfully recommends the parties' settlement be

---

[1] Citations to "Compl." refer to the Complaint, filed Dec. 27, 2022, ECF No. 1.
[2] Citations to "Mot." refer to the motion for settlement approval, filed July 8, 2022, ECF No. 18.
[3] Citations to "Sett. Agr." refer to the Settlement Agreement filed on July 8, 2022, ECF No. 18-1.

found fair and reasonable and recommends that the district court approve plaintiff's request for attorney's fees and costs.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, plaintiff resides in Bronx, New York and was employed by defendants to "cook, clean, change diapers, and do whatever was needed at the childhood education school managed and owned by Defendants" from approximately December 2016 until December 2019. (See Compl. ¶¶ 1, 9, 25, 28, 29). Defendants are alleged to own and operate B'Above, which is a corporation that operates childcare facilities "in the tri-State area." (Id. ¶ 12). B'Above is headquartered at 134-11, Kew Gardens Rd., Richmond Hill, New York, 11418. (Id. ¶ 3). Defendants Eliezer Vogel and Noah Vogeli are alleged to be "owner[s], officer[s] and/or agent[s]" of B'Above and are responsible for supervising employees, including setting employee schedules, paying employees, and hiring and firing employees. (Id. ¶¶ 13-15). Plaintiff was allegedly employed by the defendants at a B'Above location at 15-23, 58 Street Canal Street, Brooklyn, New York, 11219. (Id. ¶ 4). Defendants are alleged to have failed to pay plaintiff the required minimum wage rate, failed to pay time and a half for hours worked over 40, failed to pay spread-of-hours wages, failed to provide wage notices, and improperly paid plaintiff on a bi-weekly basis. (Id. ¶¶ 6, 35). Plaintiff further alleges that defendants' annual business exceeds $500,000 and that they were engaged in interstate commerce in each year from 2016 to present. (Id. ¶¶ 23, 47).

During the period plaintiff worked for defendants, she is alleged to have typically worked 45 to 50 hours per week from approximately December 2016 until December 2019 (Id. ¶¶ 9, 11, 29). Although the Complaint does not specify plaintiff's rate of pay, plaintiff's damages calculations state that she was paid $504 per week from July 1, 2016, to December 31, 2016,

2

$552.00 per week from January 1, 2017, to December 31, 2017, and $600 per week from January 1, 2018, to December 15, 2019. (See Dam. Calc.[4]). Lastly, plaintiff claims that defendants failed to provide wage notices as required by the NYLL and failed to pay plaintiff on a weekly basis. (Id. ¶¶ 34, 62-63).

Following an initial conference held on April 1, 2022, this Court filed an Order referring this Case to mediation. (See Electronic Order, dated Apr. 1, 2022). On June 8, 2022, the parties informed the court that they had reached a settlement in principle. (See Report of Mediation, dated June 8, 2022). On July 8, 2022, plaintiff filed a motion for settlement approval, which included the Settlement Agreement signed by plaintiff and defendants. (See Mot.; Sett. Agr.). On July 21, 2022, this Court held a fairness hearing pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

## DISCUSSION

I.     Legal Standards

In deciding whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 WL 9398950, at *1 (E.D.N.Y. June 12, 2008) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation")). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

---

[4] Citations to "Dam. Calc." refer to plaintiff's Damages Calculations, filed July 8, 2022, ECF No. 18-3.

3

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *6 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

"When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." Fisher v. SD Prot. Inc., 948 F.3d 593, 606 (2d Cir. 2020) (citing Evans v. Jeff D., 475 U.S. 717, 727 (1986)). "[E]ven though a district court has a duty to review an FLSA settlement for reasonableness to prevent any potential abuse, this does not grant the court authority to rewrite contract provisions it finds objectionable." Id. Rather, if the court finds one or more provisions of a FLSA settlement agreement to be unreasonable, the Court must reject the proposed settlement. See id. at 605.

II. Settlement Terms

The Court notes that the Settlement Agreement does not contain any confidentiality clauses, non-employment clauses, non-disparagement clauses that do not contain a carve-out for truthful statements, or general releases, all of which have previously been rejected by courts in this Circuit. See Ortiz v. My Belly's Playlist LLC, 283 F. Supp. 3d 125, 126 (S.D.N.Y. 2017) (holding that a settlement clause in which plaintiffs agree to never seek re-employment with defendant contravenes the FLSA); Lopez v. Bell Blvd Bakery LLC, No. 15 CV 6953, 2016 WL 6156199, at *2 (E.D.N.Y. Oct. 3, 2016) (holding confidentiality clause is impermissible), report

4

and recommendation adopted, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016); Martinez v. Gulluoglu LLC, No. 15 CV 2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (holding that for a non-disparagement clause to be permissible in an FLSA settlement agreement, "it must include a carve-out for truthful statements about plaintiffs' experience litigating their case"); Gonzales v. Lovin Oven Catering of Suffolk, Inc., No. 14 CV 2824, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (holding that a settlement agreement containing a general release violated the FLSA). Accordingly, the Court finds that the Settlement Agreement does not contain any impermissible clauses and comports fully with Cheeks.

    III.     Settlement Amount

According to the parties, the settlement amount is the product of "arms-length bargaining," was reached with the assistance of Mediator Joseph DiBenedetto, and "represents a reasonable compromise between the strength of Plaintiff's claims and Defendants' defenses." (Mot. at 1-2). Under the Settlement Agreement, plaintiff will receive a total of $17,000.00. (Mot. at 2; Sett. Agr. ¶ 2). Of the total, $10,763.34 will go directly to plaintiff. (Mot. at 2-3).

Plaintiff contends that, should she prevail on all of her claims, she would be entitled to $33,208.00, exclusive of attorney's fees. (See Dam. Calc.). However, plaintiff acknowledges that she faces a risk that she would not prevail on all of her claims if she proceeded to trial. She states that, although she believes she could win a larger sum through trial, she would rather choose "the certainty of an agreed upon settlement." (Mot. at 2). Plaintiff also notes that the Agreement avoids additional costly litigation. (Id.) In light of the fact that this case has settled relatively early, the settlement prevents "more extensive and likely costly litigation," a factor that weighs in favor of finding that the settlement was reasonable. Calle v. Elite Specialty Coatings Plus, Inc., No. 13 CV 6126, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014). Weighing the

5

settlement amount agreed to here against the inherent risks and burdens that plaintiff would face in pursuing the litigation and seeing no issues regarding potential fraud or collusion in this case, the Court finds that the settlement reached is fair and reasonable. See Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 335.

IV.   Attorney's Fees and Costs

The Second Circuit has set forth six factors to determine whether attorney's fees in FLSA settlements are reasonable: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . . ; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000).

Courts often employ the "lodestar" method in determining whether attorney's fees are reasonable, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. See Perdue v. Kenny A., 559 U.S. 542, 546, 551-52 (2010); Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Cowan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), aff'd, 50 F. App'x 36 (2d Cir. 2002). Although there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors. Cowan v. Ernest Codelia, P.C., 2001 WL 30501, at *7; see Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).

Courts in this Circuit have addressed the issue of applying a multiplier to the lodestar calculation. In one case, the Honorable William H. Pauley III concluded that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in

6

FLSA cases." Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). In reaching this decision, Judge Pauley examined the case law of this Circuit and noted that courts "have generally refused multipliers as high as 2.03.'" Id. at 438 (quoting In re Currency Conversion, 263 F.R.D. 110, 129 (S.D.N.Y. 2009)); see also Velandia v. Serendipity 3, Inc., No. 16 CV 1799, 2018 WL 3418776, at *5 (S.D.N.Y. July 12, 2018) (finding a multiplier of 1.2 to be a "reasonable lodestar modifier").

Instead of using the lodestar method, courts may employ the "percentage of the fund" method. See McDaniel v. County of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). With this method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable. Romero v. Westbury Jeep Chrysler Dodge, Inc., No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (citing cases). However, a one-third percentage may be "simply too great" in relation to the work performed. Larrea v. FPC Coffees Realty Co., No. 15 CV 1515, 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017) (declining to approve a one-third fee that would result in an 11.4 multiplier of the lodestar calculation).

In FLSA cases, regardless of the method used, "'[t]he Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined.'" Beckert v. Rubinov, No. 15 CV 1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d. 362, 366 (S.D.N.Y. 2013)).

Here, plaintiff's counsel has used the "percentage of the fund" method to seek compensation, including costs, equaling approximately 33% of the total, or $6,236.66. (Mot. at 3, Sett. Agr. ¶ 2(a)(B)). As noted, a one-third fee is presumptively reasonable in this circuit. See Calle v. Elite Specialty Coatings Plus, Inc., 2014 WL 6621081, at *3 (stating that a "one-third

7

contingency fee is a commonly accepted fee in this Circuit" and collecting cases). Accordingly, the Court finds that the attorney's fee is reasonable relative to the settlement amount given its familiarity with the work performed and the "extensive electronic settlement negotiations." (Mot. at 2). The other Goldberger factors also weigh in favor of finding the award fair and reasonable: the risks of litigation are high, "FLSA claims [such as those in this case] typically involve complex mixed questions of fact and law," Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 743 (1981), and the public policy goal of encouraging attorneys to take on FLSA and NYLL actions that protect the wages of workers is served here. See Beckman v. KeyBank, N.A., 293 F.R.D. 467, 481 (S.D.N.Y. 2013).

Lastly, courts often award costs that are "incidental and necessary to [plaintiff's] representation." Here, plaintiff states that the costs incurred are $570.00, although plaintiff provides no breakdown of these costs. (Mot. at 2). Based on a review of the docket, the Court has determined that $402 of the costs are attributable to the filing fee. Courts have found that filing fees and the costs of service certainly qualify as necessary aspects of this litigation. See, e.g., In re Indep. Energy Holdings PLC Sec. Litig., 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003). Accordingly, the Court respectfully recommends that plaintiff be awarded costs in the amount of $402, representing the filing fee in this case. Although the remaining costs may be for service of process fees, in the absence of any information from plaintiff confirming this, the Court respectfully recommends that the request for the remaining $168 in costs be denied.

In summary, this Court finds that plaintiff's requested amount in attorney's fees, in addition to $402 in costs, is fair and reasonable.

## CONCLUSION

The Court recommends that the district court find that the settlement reached is a fair and

reasonable compromise of plaintiff's claims, considering the amount received, the possible factual disputes that might have limited recovery, and the fact that the parties engaged in arm's-length negotiations, all of which were sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335. The Court also recommends that counsel's request for $6,236.66 in fees and $402 in costs be considered reasonable.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

    **SO ORDERED.**

Dated: July 26, 2022
      Brooklyn, New York

                    */s/ Cheryl L. Pollak*
                    CHERYL L. POLLAK
                    United States Magistrate Judge
                    Eastern District of New York